**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| RICHARDS PACKAGING HOLDINGS US INC.,<br><br>Plaintiff,<br><br>v.<br><br>MEDICAL BUYERS GROUP, LLC dba INTEGRITY PRP and JOHN DOES 1–10,<br><br>Defendants. | Civil Action No.: __________________ |

**<u>COMPLAINT FOR DAMAGES AND OTHER RELIEF</u>**

Plaintiff Richards Packaging Holdings US Inc. (**"Richards"**) complains and alleges against Defendant Medical Buyers Group, LLC dba Integrity PRP and John Does 1–10 (collectively, **"Defendant"**) as follows:

**<u>NATURE OF ACTION AND RELIEF SOUGHT</u>**

1. This action is based on Defendant's unauthorized use of the name and mark DERMAPEN in connection with automatic microneedling devices and related products and services. Defendant's use of this mark infringes the long-standing prior rights of Richards and its predecessors in interest in the word mark DERMAPEN, including both common-law and registered rights. Not only does this unauthorized use pose an acute risk of confusion, but it has also caused specific instances of actual confusion known to Richards. In addition, Defendant disregarded a cease-and-desist

letter and continues to market and sell microneedling products bearing the DERMAPEN mark without authorization to the present. Defendant's conduct constitutes knowing, intentional, and willful infringement of Richards' rights. Richards thus seeks injunctive relief, monetary damages, profits, costs of suit, attorney fees, and other relief as set forth below.

## PARTIES

2. Plaintiff Richards Packaging Holdings US Inc. is a Delaware corporation with its principal place of business at 9455 NE Alderwood Road, Portland, Oregon 97220.

3. Defendant Medical Buyers Group, LLC is a Georgia limited liability company with an office and its principal place of business at 3425 Town Manor Circle, Dacula, Georgia 30019.

4. Upon information and belief, Defendant Medical Buyers Group, LLC does business under the name Integrity PRP.

5. Defendants John Does 1–10 are individuals or entities whose identities are presently unknown to Richards and, on information and belief, who are owned by or affiliated with Defendant Medical Buyers Group, LLC, and who aided in the conduct complained of herein. Richards reserves the right to amend this Complaint to state the names of John Does 1–10 upon learning their identity or identities.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 15 U.S.C. §§ 1116 and 1121, and 28 U.S.C. §§ 1331, 1367, and 1338(a)–(b).

7. This Court has supplemental jurisdiction over the state law claim herein pursuant to 28 U.S.C. § 1367 because the claim is so related to the claims in this action for which the Court has original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

8. This Court has personal jurisdiction over Defendant because Defendant maintains its principal place of business in Georgia.

9. This Court also has personal jurisdiction over Defendant because, on information and belief, Defendant has continuous and systematic contacts with this forum and/or specific contacts with Georgia sufficiently related to this cause of action to warrant the exercise of personal jurisdiction by this Court. Moreover, Defendant has knowingly and purposefully directed infringing and unlawful activities at customers and potential customers in Georgia, the harm of which has been felt by Plaintiff in Georgia.

10. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)–(c).

## FACTUAL BACKGROUND

### ASSIGNMENT OF THE "DERMAPEN" MARKS AND CAUSE OF ACTION TO RICHARDS

11. On July 8, 2026, DermapenWorld, a United Arab Emirates FZ LLE (**"Assignor"**), assigned U.S. Trademark No. 88236207, related marks and federal trademark applications, all associated goodwill, and the right to sue and assert claims, including for past damages, to Richards (the **"Assignment"**). Trademark Assignment Agreement, July 8, 2026, a true and correct copy of which is attached hereto as Exhibit A.

12. The Notice of Assignment was recorded with the United States Patent and Trademark Office on July 13, 2026. USPTO Assignment Center, Reel/Frame 9334/0819, a true and correct copy of which is attached hereto as Exhibit B.

### RICHARDS' RIGHTS IN THE "DERMAPEN" MARKS

13. Richards' predecessors in interest invented the Dermapen, a tool for nonsurgical and minimally invasive cosmetic microneedling skin treatments.

14. Richards, together with its licensees and predecessors in interest (collectively, the **"DermapenWorld Group"**), has continuously marketed and sold the Dermapen since 2010 and developed into a global leader in microneedling and skin care products and procedures.

15. In connection with the marketing and sale of microneedling and related goods, Richards' predecessors in interest began using the DERMAPEN mark in commerce in the United States on March 1, 2011.

16. Since that time, the DermapenWorld Group has continuously used the DERMAPEN mark in commerce to sell microneedling products throughout the United States and has made regular sales using the DERMAPEN mark throughout the United States (the **"Territory"**).

17. Richards thus holds extensive common-law trademark rights throughout the United States based on the substantial use of the DERMAPEN mark in connection with the sale of microneedling products for more than a decade by the DermapenWorld Group. As such, Richards is the exclusive owner of the DERMAPEN mark.

18. Richards holds a federal trademark registration in the DERMAPEN word mark, Serial No. 88236207, effective August 5, 2025, for use in connection with medical devices and devices for nonsurgical cosmetic treatments, namely devices for nonsurgical cosmetic microdermabrasion and microneedling skin treatments.

19. To market and sell products using the DERMAPEN mark, Richards' predecessors in interest employed, and Richards and its licensees employ, a variety

of trade channels, including but not limited to the internet, social media, cosmetic industry trade shows, and cosmetic clinics via licensed distributors.

## DEFENDANT'S INFRINGEMENT OF THE "DERMAPEN" MARK

20. Around a decade after the DermapenWorld Group began widespread use of its DERMAPEN mark throughout the United States, Defendant began marketing and selling microneedling products using the DERMAPEN mark.

21. In or about 2022, Defendant began offering a microneedling product marketed and sold as the "Microneedling Derma Pen."

22. Defendant's use of the DERMAPEN mark is unauthorized.

23. As shown below, Defendant continues to market and sell a "Derma Pen" microneedling product on the Integrity PRP website.



24. On the Integrity PRP website, Defendant also offers "Derma Pen Replacement Cartridges" and "Derma pen protective sleeves."

25. Defendant offers at least three products on its website employing the DERMAPEN mark or the substantially indistinguishable variation DERMA PEN.

26. Upon information and belief, Defendant employs nearly identical trade channels to market and sell its microneedling and related products throughout the United States and globally, including without limitation the internet, social media, and cosmetic industry trade shows.

27. Defendant uses the DERMAPEN mark in Richards' Territory for the products above in the same trade channels and target markets as those used by Richards and its predecessors in interest, with both targeting individuals in need of skin care and microneedling products.

28. Richards' predecessors in interest first used the DERMAPEN mark in the United States and beyond many years prior to Defendant's first use of the mark in connection with the sale of its products, thus granting Richards prior exclusive rights as senior user of the DERMAPEN mark in the United States and beyond.

29. Defendant's use of the DERMAPEN mark is likely to result in confusion, deception, and mistake as to source, origin, sponsorship, approval, and/or affiliation on the part of customers, potential customers, and others, with many believing that Defendant and/or its goods originate from, or are sponsored by,

approved by, or affiliated with Richards; or that Richards and/or its goods originate from, or are sponsored by, approved by, or affiliated with Defendant, or to otherwise cause confusion or mistake or to deceive.

30. Defendant's wrongful and infringing use of the DERMAPEN mark not only creates a likelihood of confusion, but on information and belief, it is also creating widespread actual confusion in the marketplace among customers, potential customers, and others.

31. Individuals at trade shows and otherwise have informed Richards' agents that they believed they had purchased Richards' products when, in fact, Defendant was the source of origin of the products bearing the DERMAPEN mark.

**DEFENDANT'S CONDUCT IS INTENTIONAL AND WILLFUL**

32. Shortly after discovering Defendant's unauthorized use of the DERMAPEN mark, Assignor sent a cease-and-desist letter by email to Defendant on or about October 12, 2025. A true and correct copy of the cease-and-desist letter is attached hereto as Exhibit C.

33. The cease-and-desist letter informed Defendant that its use of the DERMAPEN mark was unauthorized and infringed on Assignor's common-law and registered trademark rights, and demanded that Defendant immediately cease all infringing conduct.

34. Defendant never responded to the cease-and-desist letter.

35. Since receiving the letter, Defendant has knowingly continued to infringe the DERMAPEN mark by offering products including the "Microneedling Derma Pen," "Derma Pen Replacement Cartridges," and "Derma pen protective sleeves."

36. Defendant has intentionally and willfully continued to use the infringing marks despite full knowledge of the prior exclusive rights in the DERMAPEN mark held by Richards and its predecessors in interest.

37. Upon information and belief, Defendant has sold products using the DERMAPEN mark in regions of the United States wherein Richards had established priority of use.

38. As of the date of this Complaint, Defendant continues to advertise products bearing the DERMAPEN mark in knowing defiance of Richards' exclusive rights.

**FIRST CLAIM FOR RELIEF**
**(Trademark Infringement — 15 U.S.C. § 1114(1)(a))**

39. Richards realleges and incorporates by reference each preceding paragraph as if fully restated herein.

40. Richards is the owner of the DERMAPEN mark, and the consuming public recognizes this mark as being distinctive and as an identifier of the source of origin of Richards' goods.

41. Richards owns a valid federal trademark registration for the DERMAPEN word mark, Serial No. 88236207.

42. Defendant has made actionable use of the DERMAPEN mark by marketing and selling products bearing the DERMAPEN mark or a substantially indistinguishable variation in commerce in connection with medical devices and devices for nonsurgical cosmetic treatments, including microneedling devices and related products.

43. Defendant's unauthorized use of the DERMAPEN mark, including without limitation as a designation, word, term, name, symbol, device, or combination thereof, in connection with sale of goods in commerce, including those that directly compete with Richards, is likely to cause confusion, mistake, or deception as to affiliation, connection, or association of Defendant with another, and as to the origin, sponsorship, or approval of such services or commercial activities by another.

44. Defendant's use of the DERMAPEN mark is likely to cause confusion among Richards' consumers and potential consumers, including reverse confusion, point-of-sale confusion, and post-sale confusion.

45. Defendant's actions constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(1)(a).

46. On information and belief, Defendant had both actual and constructive notice that it was not authorized to use the DERMAPEN mark, or any mark deceptively similar to Richards' DERMAPEN mark.

47. On information and belief, Defendant's use in commerce of marks identical to or imitating Richards' DERMAPEN mark was and is done deliberately and willfully, and with the intent to confuse and deceive the public.

48. Defendant's acts of infringement have caused Richards damages in an amount to be proven at trial as permitted by law, including actual damages and Defendant's profits attributable to the infringement. Such damages should be trebled pursuant to 15 U.S.C. § 1117(a)–(b).

49. Richards is further entitled to recover costs of suit pursuant to 15 U.S.C. § 1117(a).

50. This is an exceptional case pursuant to 15 U.S.C. § 1117(a), and Richards is therefore entitled to recover its attorney fees from Defendant.

51. Richards is being irreparably harmed by Defendant's use of the DERMAPEN mark. Defendant's infringement leaves Richards no adequate remedy at law. Richards is therefore entitled to injunctive relief barring Defendant from engaging in further acts in violation of 15 U.S.C. § 1114(1)(a).

52. Richards is also entitled to a court order requiring that all advertisements, signs, prints, packages, wrappers, receptacles, labels, and materials

in the possession of Defendant bearing the name, mark, word, term, symbol, device, designation, description, or representation of DERMAPEN, or any mark deceptively similar to DERMAPEN, be delivered up and destroyed as allowed by 15 U.S.C. § 1118.

**SECOND CLAIM FOR RELIEF**
**(Trademark Infringement — 15 U.S.C. § 1125(a))**

53. Richards realleges and incorporates by reference each preceding paragraph as if fully restated herein.

54. Richards is the owner of the DERMAPEN mark, including common-law rights to the same, and the consuming public recognizes this mark as being distinctive and as an identifier of the source of origin of Richards' goods.

55. Richards' DERMAPEN mark is distinctive and has acquired secondary meaning.

56. Defendant has made actionable use of the DERMAPEN mark by marketing and selling products bearing the DERMAPEN mark or a substantially indistinguishable variation in commerce in connection with medical devices and devices for nonsurgical cosmetic treatments, including microneedling devices and related products.

57. Defendant's unauthorized use of the DERMAPEN mark, including without limitation as a designation, word, term, name, symbol, device, or combination thereof, in connection with sale of goods in commerce, including those

that directly compete with Richards, is likely to cause confusion, mistake, or deception as to affiliation, connection, or association of Defendant with another, and as to the origin, sponsorship, or approval of such services or commercial activities by another.

58. Defendant's use of the DERMAPEN mark is likely to cause confusion among Richards' consumers and potential consumers, including reverse confusion, point-of-sale confusion, and post-sale confusion.

59. Defendant's actions constitute trademark infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

60. On information and belief, Defendant had both actual and constructive notice that it was not authorized to use the DERMAPEN mark, or any mark deceptively similar to Richards' DERMAPEN mark.

61. On information and belief, Defendant's use in commerce of marks identical to or imitating Richards' DERMAPEN mark was and is done deliberately and willfully, and with the intent to confuse and deceive the public.

62. Defendant's acts of infringement have caused Richards damages in an amount to be proven at trial as permitted by law, including actual damages and Defendant's profits attributable to the infringement. Such damages should be trebled pursuant to 15 U.S.C. § 1117(a)–(b).

63. Richards is further entitled to recover costs of suit pursuant to 15 U.S.C. § 1117(a).

64. This is an exceptional case pursuant to 15 U.S.C. § 1117(a), and Richards is therefore entitled to recover its attorney fees from Defendant.

65. Richards is being irreparably harmed by Defendant's use of the DERMAPEN mark. Defendant's infringement leaves Richards no adequate remedy at law. Richards is therefore entitled to injunctive relief barring Defendant from engaging in further acts in violation of 15 U.S.C. § 1125(a).

66. Richards is also entitled to a court order requiring that all advertisements, signs, prints, packages, wrappers, receptacles, labels, and materials in the possession of Defendant bearing the name, mark, word, term, symbol, device, designation, description, or representation of DERMAPEN, or any mark deceptively similar to DERMAPEN, be delivered up and destroyed as allowed by 15 U.S.C. § 1118.

## <u>THIRD CLAIM FOR RELIEF</u>
## (False Designation of Origin and Unfair Competition — 15 U.S.C. § 1125(a))

67. Richards realleges and incorporates by reference each preceding paragraph as if fully restated herein.

68. Defendant, on or in connection with goods, has used and is using the DERMAPEN name and mark and related variations in commerce as a false designation of origin, or false or misleading description or representation, which is

likely to cause confusion or mistake or to deceive as to (a) the affiliation, connection, or association of Defendant with Richards, or (b) the origin, sponsorship, or approval of Defendant's goods or commercial activities by Richards.

69. Defendant's unauthorized use of the DERMAPEN mark, including without limitation as a designation, word, term, name, symbol, device, or combination thereof, in connection with sale of goods in commerce, including those that directly compete with Richards, is likely to cause confusion, mistake, or deception as to affiliation, connection, or association of Defendant with another, and as to the origin, sponsorship, or approval of such services or commercial activities by another.

70. Defendant's use of the DERMAPEN mark is likely to cause confusion among Richards' consumers and potential consumers, including reverse confusion, point-of-sale confusion, and post-sale confusion.

71. Defendant has attempted to trade on, and is currently trading on, Richards' longstanding and hard-earned goodwill in Richards' DERMAPEN name and mark and the reputation established by Richards in connection with its DERMAPEN mark and goods. Defendant is creating confusion or mistake or deceiving the consuming public and others as to the origin, sponsorship, and approval of Defendant's goods, and is passing off Defendant's goods in commerce as those of Plaintiff, and those of Plaintiff as those of Defendant.

72. Defendant's actions constitute unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

73. On information and belief, Defendant had both actual and constructive notice that it was not authorized to use the DERMAPEN mark, or any mark deceptively similar to Richards' DERMAPEN mark.

74. On information and belief, Defendant's use in commerce of marks identical to or imitating Richards' DERMAPEN mark was and is done deliberately and willfully, and with the intent to confuse and deceive the public.

75. Defendant's acts of infringement have caused Richards damages in an amount to be proven at trial as permitted by law, including actual damages and Defendant's profits attributable to the infringement. Such damages should be trebled pursuant to 15 U.S.C. § 1117(a)–(b).

76. Richards is further entitled to recover costs of suit pursuant to 15 U.S.C. § 1117(a).

77. This is an exceptional case pursuant to 15 U.S.C. § 1117(a), and Richards is therefore entitled to recover its attorney fees from Defendant.

78. Richards is being irreparably harmed by Defendant's use of the DERMAPEN mark. Defendant's infringement leaves Richards no adequate remedy at law. Richards is therefore entitled to injunctive relief barring Defendant from engaging in further acts in violation of 15 U.S.C. § 1125(a).

79. Richards is also entitled to a court order requiring that all advertisements, signs, prints, packages, wrappers, receptacles, labels, and materials in the possession of Defendant bearing the name, mark, word, term, symbol, device, designation, description, or representation of DERMAPEN, or any mark deceptively similar to DERMAPEN, be delivered up and destroyed as allowed by 15 U.S.C. § 1118.

**<u>FOURTH CLAIM FOR RELIEF</u>**
**(Unjust Enrichment)**

80. Richards realleges and incorporates by reference each preceding paragraph as if fully restated herein.

81. Defendant has benefited from the improper, unfair, and unauthorized use, misappropriation, and infringement of Richards' exclusive trademark rights and goodwill attendant thereto, as alleged above.

82. Defendant has knowledge of and fully appreciates the improper, unfair, and unauthorized benefits it has received as the result of such actions.

83. Defendant would be unjustly enriched if it were permitted to retain the proceeds and the benefits obtained from such actions.

84. Equity and good conscience dictate that Defendant be required to account for and turn over to Richards an amount equal to the value of the benefits conferred upon it.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for an order and judgment against Defendant as follows:

1. For a declaration that Defendant's use of the DERMAPEN mark violates the legal, statutory, and other provisions as set forth above, including the specific violations in question;

2. That Defendant, its officers, owners, employees, agents, servants, representatives, and all other persons, entities, or businesses acting in concert or participation with Defendant, be preliminarily and permanently enjoined and restrained from:

    a. Directly or indirectly using in commerce, promoting, advertising, reproducing, displaying, offering for sale, selling, or distributing any services or goods whatsoever in connection with, or that contain or utilize, the DERMAPEN mark, any modifications or variations of the foregoing, and any words, marks, or variations that use the words "DERM" or "DERMA" in connection with the word "PEN" in any style, design, logo, form, or medium whatsoever;

b. Directly or indirectly filing applications for, registering, or trafficking in any trademarks that contain or utilize the DERMAPEN mark, any modifications or variations of the foregoing, and any words, marks, or variations that use the words "DERM" or "DERMA" in connection with the word "PEN" in any style, design, logo, form, or medium whatsoever; and

c. Taking any other act or acts calculated or likely to cause confusion, deception, or mistake in the mind of the public; to lead customers, potential customers, or others into the belief that Defendant's services or goods originate from, or are authorized, sponsored, approved, licensed, endorsed, or promoted by Richards or are otherwise affiliated with or connected to Richards; or that Richards' services or goods originate from, or are authorized, sponsored, approved, licensed, endorsed, or promoted by Defendant or are otherwise affiliated with or connected to Defendant;

3. For an order that Defendant destroy all infringing materials of Defendant and its affiliates and licensees that contain the DERMAPEN mark and all related variations in any form or format;

4. For an order that Defendant promulgate advertising to correct and/or prevent any confusion or false association it has created in the marketplace;

5. That Defendant be directed to file with the Court and serve on Richards, within thirty days after the service of any injunction order and any other order, a

report in writing, under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction and order;

6. That judgment be entered in favor of Richards for all damages sustained as a result of Defendant's unlawful conduct as set forth above, including actual damages, Defendant's profits, costs, attorney fees, treble damages pursuant to 15 U.S.C. § 1117(a) and (b) as applicable, and pre-judgment interest at the rate established under 26 U.S.C. § 6621(a)(2) from the date of service of the Complaint through the date of judgment, and such additional pre- and post-judgment interest as otherwise permitted by law; and

7. That Richards be awarded such other and further relief as the Court may deem just and proper.

DATED this 5th day of November, 2026.

*_/s/ Louis R. Cohan_*
Louis R. Cohan
Georgia Bar No. 173357
Alexandra N. Goodfellow
Georgia Bar No. 753150
Stephen P. Horvat
Utah Bar No. 6249
*Pro Hac Vice To Be Requested*
Zachary D. Berger
Utah Bar No. 20134
*Pro Hac Vice To Be Requested*
*Counsel for Plaintiff*

**COHAN & LEVY**
3340 Peachtree Rd. N.E.
Tower 100, Suite 2570
Atlanta, Georgia 30326
T: (404) 891-1770
T: (404) 565-4963
E: lcohan@cohanlevy.com
E: agoodfellow@cohanlevy.com

**FABIAN VANCOTT**
95 South State Street, Suite 2300
Salt Lake City, Utah 84111-2323
T: (801) 531-8900
F: (801) 596-2814
E: shorvat@fabianvancott.com
E: zberger@fabianvancott.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| RICHARDS PACKAGING HOLDINGS US INC.,<br><br>Plaintiff,<br><br>v.<br><br>MEDICAL BUYERS GROUP, LLC dba INTEGRITY PRP and JOHN DOES 1–10,<br><br>Defendants. | Civil Action No.: ________________ |

**RULE 7.1(D) CERTIFICATE OF COMPLIANCE**

The undersigned counsel certifies that this document has been prepared with one of the fonts and point selections approved by the Court in Local Rule 5.1(C).

Dated: November 5, 2026.

*/s/ Louis R. Cohan*
Louis R. Cohan
Georgia Bar No. 173357